IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| CREATEADS LLC,<br><br>    Plaintiff<br><br>v.<br><br>ENOM, INCORPORATED;<br>DEMAND MEDIA, INC.,<br><br>    Defendants. | C.A. No.<br><br>JURY TRIAL DEMANDED |

## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff CreateAds LLC ("CreateAds") alleges as follows:

## BACKGROUND

1.  Clive Gay is a visionary in the advertising and reprographic industry. Back in the early 1990s, Mr. Gay was working in London and saw the problems associated with generating visual designs. For example, in advertising, agencies typically required a week or more to generate visual designs. Mr. Gay envisioned an automated method whereby, among other things, software could use predetermined design parameters and predetermined visual design applications to quickly and easily generate visual designs. This led to the filing of the patent application resulting in U.S. Patent No. 5,535,320 (the "CreateAds patent" or "'320 patent"). In addition, Mr. Gay, along with Henri Frencken, developed and refined the software over several years and at the cost of several million dollars. Aspects of this software power two of Mr. Gay's companies, CreateAds.com (www.createads.com) and Simply D'nA (www.simplydna.com), which at their peak had over 80 employees including eight software developers. The technology of the CreateAds patent has been adopted by several segments of the visual design

industry, including business marketing, customized user interfaces, personalized products, and advertising.

2.  CreateAds is the owner by assignment of the '320 patent.  The CreateAds patent is entitled "Method of Generating a Visual Design."  The CreateAds patent issued on July 9, 1996, based on U.S. Patent Application No. 268,613, filed July 1, 1994, and United Kingdom Patent Application No. 9313761, filed July 2, 1993.  A true and correct copy of the CreateAds patent is attached hereto as Exhibit A.

## PARTIES

3.  CreateAds is a Delaware limited liability company.

4.  Defendant Demand Media, Inc. ("Demand Media") is a Delaware corporation with a principal place of business at 1333 2nd Street, Suite 100, Santa Monica, California 90401. Demand Media has appointed Corporation Service Company, 2711 Centerville Road, Suite 400, Wilmington, Delaware 19808, as its registered agent for service of process.

5.  Defendant Enom, Incorporated ("Enom") is a subsidiary of Demand Media. Enom is a Nevada corporation with a principal place of business at 5808 Lake Washington Blvd. NE, Suite 300, Kirkland, Washington 98033.  Enom has appointed CSC Services of Nevada, Inc., 2215-B Renaissance Dr., Las Vegas, Nevada 89119, as its agent for service of process. Hereinafter, Enom and Demand Media are collectively referred to as "Defendants."

**JURISDICTION AND VENUE**

6. This action arises under the patent laws of the United States, Title 35 of the United States Code. Accordingly, this Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a).

7. This Court has personal jurisdiction over Defendants because, among other reasons, Defendant Demand Media is incorporated under the laws of the State of Delaware and both Defendants have established minimum contacts with the forum state of Delaware. Defendants, directly and/or through third-party intermediaries, make, use, import, offer for sale, and/or sell products and services within the state of Delaware. Additionally, on information and belief, Defendants have committed and continue to commit acts of direct and indirect infringement in this District by making, using, importing, offering for sale, and/or selling infringing products, and inducing others to perform method steps claimed by CreateAds' patent in Delaware.

8. Venue is proper in this District under 28 U.S.C. §§ 1391 (b)-(c) and 1400(b) because, among other reasons, Defendants have conducted and continue to conduct regular and ongoing business in Delaware. Additionally, on information and belief, Defendants have committed and continue to commit acts of direct and indirect infringement in this District by making, using, importing, offering for sale, and/or selling infringing products, and inducing others to perform method steps claimed by CreateAds' patent in Delaware.

**COUNT I**
**(Infringement of U.S. Patent No. 5,535,320)**

9. In violation of one or more provisions of 35 U.S.C. § 271, Defendants have been and still are infringing one or more claims of the CreateAds patent, literally

3

and under the doctrine of equivalents, by making, using, selling, offering to sell, or importing, without license or authority, template-based visual design generation products and services, including, but not limited to, the template-based visual design generation software offered on the "Web Site Creator" section of the www.enom.com website ("the Enom website").

10.     Additionally, Defendants also have infringed and continue to infringe the CreateAds patent by actively inducing infringement of the CreateAds patent. On January 17, 2013, Defendants received a letter notifying them that their template-based visual design generation products and services infringe one or more claims of the CreateAds patent.  Defendants have had actual knowledge of the CreateAds patent since at least January 17, 2013,[1] or alternatively since being served with this complaint, and Defendants have induced infringement of the CreateAds patent since at least this time by providing instructions and assistance to users/customers on how to utilize the products and services offered on the "Web Site Creator" section of the Enom website such that a plurality of visual design elements and a plurality of predetermined design parameters are stored; one of a plurality of predetermined visual design applications, wherein each predetermined visual design application is associated with a predetermined design parameter, and a visual design element, are selected; and a visual design using the selected visual design element, with the size and position of the element in the visual design being determined by the predetermined design parameter, and a representation of the visual design, are generated.  By continuing the representative aforementioned activities with knowledge of the CreateAds patent, Defendants have known, or should

---

[1] *See* Exhibit B.

have known, that they were inducing infringement by causing the method steps of the CreateAds patent to be performed.

11.     To the extent that facts learned in discovery show that Defendants' infringement of the CreateAds patent is or has been willful, CreateAds reserves the right to request such a finding at the time of trial.

12.     To the extent applicable, the requirements of 35 U.S.C. § 287(a) have been met with respect to the CreateAds patent.  For example, the '320 patent is clearly identified on the homepage of the CreateAds.com website (www.createads.com).

13.     As a result of Defendants' infringement of the CreateAds patent, CreateAds has suffered monetary damages in an amount adequate to compensate for Defendants' infringement, but in no event less than a reasonable royalty for the use made of the invention by Defendants, together with interest and costs as fixed by the Court, and CreateAds will continue to suffer damages in the future unless Defendants' infringing activities are enjoined by this Court.

14.     Unless a permanent injunction is issued enjoining Defendants and their agents, servants, employees, representatives, affiliates, and all others acting or in active concert therewith from infringing the CreateAds patent, CreateAds will be greatly and irreparably harmed.

## PRAYER FOR RELIEF

CreateAds prays for the following relief:

A.     A judgment that Enom has infringed, directly or indirectly, one or more claims of the CreateAds patent;

B.     A judgment that Demand Media has infringed, directly or indirectly, one

or more claims of the CreateAds patent;

  C. A permanent injunction enjoining Enom and its officers, directors, agents, servants, affiliates, employees, divisions, branches, subsidiaries, parents, and all others acting in active concert or participation with it, from infringing either of the CreateAds patent;

  D. A permanent injunction enjoining Demand Media and its officers, directors, agents, servants, affiliates, employees, divisions, branches, subsidiaries, parents, and all others acting in active concert or participation with it, from infringing either of the CreateAds patent;

  E. A judgment and order requiring Defendants to pay CreateAds its damages, costs, expenses, and prejudgment and post-judgment interest for Defendants' acts of infringement in accordance with 35 U.S.C. § 284;

  F. A judgment and order finding that this is an exceptional case within the meaning of 35 U.S.C. § 285 and awarding to CreateAds its reasonable attorneys' fees against Defendants;

  G. A judgment and order requiring Defendants to provide an accounting and to pay supplemental damages to CreateAds, including, without limitation, prejudgment and post-judgment interest; and

  H. Any and all other relief to which CreateAds may be entitled.

## **JURY TRIAL DEMANDED**

CreateAds hereby demands a trial by jury of all issues so triable.

| | |
|---|---|
| January 18, 2013 | BAYARD, P.A. |
| OF COUNSEL: | /s/ Richard D. Kirk<br>Richard D. Kirk (rk0922) |
| Alexander C. D. Giza | Stephen B. Brauerman (sb4952) |
| Daniel P. Hipskind | Vanessa R. Tiradentes (vt5398) |
| RUSS, AUGUST & KABAT | 222 Delaware Avenue, Suite 900 |
| 12424 Wilshire Boulevard 12th Floor | Wilmington, DE 19801 |
| Los Angeles, California 90025 | (302) 655-5000 |
| agiza@rawklaw.com | rkirk@bayardlaw.com |
| dhipskind@raklaw.com | sbrauerman@bayardlaw.com |
| (310) 826-7474 | vtiradentes@bayardlaw.com |
| | *Attorneys for Plaintiff,*<br>*CreateAds LLC* |